Chief Justice Robertson
delivered the Opinion of the Court.
The circuit court decreed to the defendant in error, relief against the plaintiff, for the amount of a sale bond, which he had given to the plaintiff for property which he bought at a sheriff’s sale, under a fieri facias, levied at the plaintiff’s instance and for-his benefit.
The bill alleges, that Thompson represented that the property (a field of growing corn,) was subject to sale under his execution ; but th^t, in truth, it was the property of one Watkins, and not of Parham, who had planted and cultivated the corn, and who was the defendant in the execution.
The answer denies that the corn was the property of Watkins ; and avers, that the defendant in error knew as *191 much about Parham’s right as Thompson did, and heard all the evidence which was detailed on a trial of the right of property, on the day of sale; and the latter allegation is clearly proved.
There is no sufficient proof that Parham had no to the corn, or no interest therein which was subject to execution. Several witnesses swore that, not long prior to the levy of Thompson’s execution, Watkins had some executions against Parham, in the hands of a constable ; that Parham agreed that his field of corn, supposed to contain about three hundred barrels, might be sold to satisfy those debts ; that thereupon, the field was sold by a private individual, and was bought by Watkins, who bid the amount of his debts ; and that, afterwards, Parham gave his covenant to Watkins for two hundred barrels “ of corn.”
These facts do not prove that Watkins had a legal right to the specific corn then growing, or to all of it. They do not even prove that he was a bona fide execution creditor of Parham — no judgment or executions having been exhibited. And if he had been such a creditor, the covenant, taken after his alleged purchase, indicates an agreement, by him, to take two hundred barrels of corn for any right which lie may have acquired to the specific field of corn.
Nor is there any proof that, if Watkins had a right to two hundred barrels of the corn growing in the field which was sold, the plaintiff in error had no interest which was valuable and vendible ; but the contrary may be fairly inferred.
Moreover, there is proof that Watkins and the defendant in error compromised their- conflicting claims to the field of corn ; and that the defendant got a small portion of the corn, and said that Watkins was “ to make ■ him safe.”
Under such circumstances, the decree of the circuit court cannot be sustained, upon any principle of equity, or by the authority of any adjudged case. Before such relief should be decreed in favor of a purchaser against the judgment creditor, a clear case should be made out against the creditor, and in favor of the purchaser. *192 Here there is.no proof of fraud ; no proof of a want of consideration, or of a failure of consideration ; nor any proof of even any injury to the defendant.
Wherefore, the decree of the circuit court must be reversed, and the cause remanded,with instructions to dismiss the bill.